The Honorable Mike Wilson State Representative P.O. Box 5269 Jacksonville, Arkansas 72076
Dear Representative Wilson:
This is in response to your request for an opinion concerning the expulsion of students based upon truancy. Specifically, you have asked whether in light of Act 473 of 1989, as amended by Act 70 of 1989 (3rd Ex. Sess.), the Pulaski County Special School District can expel a child who has a certain number of unexcused absences because of truancy.
It is my opinion that expulsion under such circumstances would be contrary to law.
Act 473 of 1989, now codified in part at A.C.A. 6-18-222 (Supp. 1989), prior to the adoption of Act 70 of 1989 (3rd Ex. Sess.), provided in pertinent part as follows:
 (a)(1) The board of directors of each school district in this state shall adopt a student attendance policy as provided for in 6-18-209 which shall include a certain number of excessive unexcused absences as a basis for denial of promotion or graduation. However, unexcused absences shall not be a basis for expulsion or dismissal of a student. . . .
This section was amended by Act 70 of 1989 (3rd Ex. Sess.) so as now to provide that:
 The Board of Directors of each school district in this state shall adopt a student attendance policy as provided for in Ark. Code 6-18-209 which shall include a certain number of an [sic] excessive absences which may be used as a basis for denial of course credit, promotion or graduation. However, excessive absences shall not be a basis for expulsion or dismissal of a student. The legislative intent is that a student having excessive absences because of illness, accident or other reasons should be given assistance in obtaining credit for the courses.
You have indicated that the Pulaski County Special School District has a truancy rule which provides as follows:
 A student will not be absent from school without parent or school authorities prior knowledge and consent. After arrival on campus, a student absent from his classroom or other assigned learning station without permission from school authorities will be considered a truant.
The disciplinary actions to be taken in the case of truancy are:
(a) Parent/administrator conference
(b) Suspension — 3 days
(c) Suspension — 5 days and probation
(d) Recommendation for expulsion.
It appears clear that Act 473 of 1989, as amended by Act 70 of the Third Extraordinary Session of 1989, prohibits the "expulsion or dismissal" of a student based upon excessive absences, whether they be excused or unexcused. The language in this regard is unambiguous. A student may not be expelled for excessive absences. "Truancy" connotes absences. Therefore, a student may not be expelled or dismissed because of "truancy". We do not believe that the statement of legislative intent following the prohibition requires a contrary result.
The language of Act 473, prior to the amendment, required that the school districts adopt policies setting a certain number of excessive unexcused absences. Act 473 clearly provided that a student could not be expelled for unexcused absences. The amendment omitted the word "unexcused", thus rendering the section applicable to excused and unexcused absences alike. Formerly, a student could not be expelled because of excessive "unexcused absences. See Act 473 of 1989. The amendment under Act 70 omits the word "unexcused" and operates to prohibit the expulsion of students who has an excessive number of absences, whether they be excused or unexcused.
It is thus my opinion that expelling a child from school based upon unexcused absences is prohibited under current Arkansas law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.